NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4552
_____

UNITED STATES OF AMERICA

v.

REGINALD STEPHENS,
a/k/a BIG RED

Reginald Stephens,
                                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 10-cr-00620-05)
District Judge:  Hon. Lawrence F. Stengel

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 24, 2015

Before:  CHAGARES, JORDAN, and BARRY, *Circuit Judges.*

(Filed: May 11, 2015)
_____

OPINION*
_____

_____

    * This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Reginald Stephens appeals his conviction and sentence in the United States District Court for the Eastern District of Pennsylvania based on his participation in a large-scale drug-trafficking enterprise known as the "Harlem Boys" that operated in the Bartram Village Housing Development in Philadelphia. On appeal, he asserts three grounds of alleged error. For the following reasons, we will affirm.

## I.     Background

The pertinent factual background surrounding the Harlem Boys drug-trafficking operation is set forth more fully in the opinion addressing the appeal of co-conspirator Ramel Moten. *See United States v. Moten*, No. 13-3801, Slip. Op. at 2-5 (3d Cir. May 11, 2015). We provide here only the facts relevant to Stephens's appeal.

Stemming from his participation in the Harlem Boys enterprise, Stephens was named along with nineteen other defendants in an eighty-nine count superseding indictment. More specifically, he was charged with conspiracy to participate in a racketeering enterprise (count 1), in violation of 18 U.S.C. § 1962(d); conspiracy to distribute 280 grams of cocaine base (crack) and marijuana (count 2), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(D), and 846; carjacking (count 4), in violation of 18 U.S.C. § 2119; carrying and using a firearm during a violent crime (count 5), in violation of 18 U.S.C. § 924(c); possession with the intent to distribute marijuana (count 13), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D); and possession with the intent to distribute cocaine base (crack) (counts 19 and 20), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

Before trial, the carjacking and accompanying firearm charges (counts 4 and 5) against Stephens were dismissed because the statute of limitations as to those offenses had run.  The jury convicted Stephens on the remaining five counts and the District Court sentenced him to 300 months' imprisonment, five years' supervised release, and imposed various fines and special assessments.

## II.    Discussion[1]

Stephens raises three issues on appeal: (1) whether the District Court erred in denying a mistrial because there was a variance between charges in the indictment and the evidence adduced at trial; (2) whether the prosecutor's references in closing argument to a dismissed carjacking charge resulted in reversible error; and (3) whether the District Court erred in not granting a mistrial relating to the testimony of Tyree Wilson.[2]  The answer to each of those questions is no.

### A.    Mistrial Due to Variance[3]

Stephens argues that there was a variance between the charges in the indictment and the evidence adduced at trial, in that some of the seventy-seven overt acts in the

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction pursuant to 28 U.S.C. § 1291.

[2] Stephens also incorporates by reference two arguments made by Moten: first, that the District Court erred in allowing the case agent to testify as to background information for recorded conversations that were played for the jury, and, second, that the government improperly vouched for the credibility of its witnesses.  As we explain more fully in *United States v. Moten*, those arguments are without merit.  No. 13-3801, Slip. Op. at 9-14.

[3]  We review the District Court's denial of a motion for a mistrial for an abuse of discretion.  *United States v. Liburd*, 607 F.3d 339, 342 (3d Cir. 2010).

3

superseding indictment were individual vendettas rather than acts in support of the RICO

enterprise. Stephens points to the following attacks as examples: the assault on James

Coleman, the assault on Alfonso Greer, and the assault on Zambo Forbes. Stephens's

argument is nearly identical to that advanced by Moten, and, for the reasons discussed in

that opinion, we conclude that there was no variance and thus no error in denying the

motion for mistrial.[4] *See Moten*, No. 13-3801, Slip Op. at 5-7.

**B.    Prosecutor's Statements During Closing Argument**[5]

Stephens argues that he was prejudiced when, during closing argument, the

prosecutor improperly described his role in the dismissed carjacking charge and

---

[4] Although Moten did not point to the assault on Zambo Forbes as one of the overt acts that was a personal vendetta, the same analysis applies to that assault. Omar Roane, one of the co-conspirators, testified that he and two other members of the Harlem Boys shot at Forbes while he was driving away in his car because he (Roane) mistakenly believed Forbes had shot at him two weeks earlier. This was another example of the Harlem Boys "stick[ing] up for each other and carry[ing] out each other's business when there was a need to do so" (App. at 7759), and was thus in furtherance of the Harlem Boys' RICO enterprise. *See United States v. Irizarry*, 341 F.3d 273, 302-03 (3d Cir. 2003) (murder of man who had burglarized mafia enforcer's apartment was act in furtherance of RICO enterprise because it served to "send a message to someone who would demonstrate such complete disrespect of [mafia enforcer's] stature in the enterprise").

[5] We review the District Court's ruling as to improper prosecutorial statements for an abuse of discretion. *United States v. Brennan*, 326 F.3d 176, 182 (3d Cir. 2003). Claims based on prosecutorial misconduct are subject to a harmless error analysis. *United States v. Zehrbach*, 47 F.3d 1252, 1265 (3d Cir.1995) (en banc). Improper statements of a constitutional magnitude must be harmless beyond a reasonable doubt, while statements of a non-constitutional magnitude need only leave us with a sure conviction that they did not prejudice the defendant. *United States v. Gambone*, 314 F.3d 163, 177 (3d Cir. 2003). Where it is clear that the error was harmless beyond a reasonable doubt, we need not decide whether the error was constitutional or non-constitutional. *Id.* at 180.

explained that the statute of limitations barred his prosecution for that offense. Stephens believes he is entitled to a new trial on that basis.

One of the overt acts in count 1 involved Stephens and several co-conspirators committing an armed carjacking on August 10, 2006. Counts 4 and 5 originally charged all of those defendants with the substantive offense and accompanying firearm charge, but only Merrell Hobbs was prosecuted for those charges because the statute of limitations had run as to the other defendants, including Stephens.[6] At trial, the government presented, without objection, substantial evidence of Stephens's involvement in the carjacking to prove the overt act charged in count 1.

During closing argument, the prosecutor referenced Stephens's involvement in the carjacking and attempted to explain why he was not charged with the substantive offense by saying, "[t]here is something in the law called the statute of limitations and that means that somebody has to be charged within five years of actually committing the crime." (App. at 8171-72.) Stephens's counsel objected to that statement, arguing that it suggested to the jury that a legal technicality was the only reason Stephens was not also charged with the substantive offense. The District Court, although noting that it was "a legitimate explanation of an apparent inconsistency" (App. at 8174), offered to provide a curative instruction, which Stephens's counsel declined. The prosecutor then resumed his argument before the jury and mentioned that they need not consider why Stephens

---

[6] In the initial indictment, only Hobbs was charged with the carjacking. By the time the government filed the superseding indictment adding the other co-conspirators, the statute of limitations for that offense had run and thus the charge was only timely as to Hobbs.

5

was not charged with the substantive count, but that they could still consider the testimony regarding his involvement in the carjacking as proof of the overt act in the RICO conspiracy charge.

Although the prosecutor's decision to refer to the dismissed charges is questionable, his comments were harmless and thus do not warrant a new trial. *Cf. United States v. Gambone*, 314 F.3d 163, 177 (3d Cir. 2003) ("We make a harmless error analysis when deciding whether a new trial is warranted because of improper remarks made by the prosecutor during closing arguments."). During a ten-week trial, the government presented volumes of testimony from co-conspirators and victims, detailing the Harlem Boys' illegal and violent activities in support of their ongoing large-scale drug trafficking enterprise. Among that proof was overwhelming evidence of Stephens's role in the enterprise. Based on that evidence, we are satisfied beyond a reasonable doubt that the prosecutor's reference to the statute of limitations as the reason for why Stephens was not prosecuted for the carjacking offense had no impact on the verdict. *See United States v. Wood*, 486 F.3d 781, 789 (3d Cir. 2007) ("In short, we are certain beyond any possible doubt that the prosecutor's comment could not have affected the verdict and thus if there was an error in the district court, whether by the prosecutor or the court, it was harmless.").

### C. Mistrial Due To Prejudicial Witness Testimony[7]

Finally, Stephens argues that the District Court erred in denying his motion for a mistrial based on the testimony of Tyree Wilson that co-defendant Warren Stokes may have murdered Wilson's brother, Naeem.

One of the overt acts in the RICO conspiracy charged Stokes with shooting Tyree Wilson on November 9, 2009. At trial, Tyree Wilson identified Stokes as the shooter and speculated that Stokes's motive may have been related to Naeem's murder in August 2009. Wilson testified that he thought Stokes mistakenly believed he was going to harm Stokes in retaliation for killing Naeem, and therefore Stokes decided to preemptively kill him. Wilson noted, however, that he did not know who murdered Naeem and that he never attempted to harm Stokes. Stephens did not object at the time of that testimony, but later moved for a mistrial, arguing that, although he was not personally implicated in either Wilson's shooting or Naeem's murder, the testimony unfairly prejudiced him by suggesting to the jury that a member of the Harlem Boys was "not just capable of general acts of violence, but indeed of murder as well." (Opening Br. at 19.) The District Court did not grant the mistrial but gave curative instructions to the jury to disregard Wilson's testimony speculating on Stokes's motive, and the Court clarified that Naeem's murder was not part of the case.

On appeal, Stephens reasserts his argument that a mistrial was warranted. That challenge fails, however, because Wilson's statement as to Stokes's potential motivation

---

[7] As we have noted, we review a District Court's denial of a motion for a mistrial for an abuse of discretion. *Liburd*, 607 F.3d at 342.

for shooting him, which was followed by a curative instruction, did not unfairly prejudice Stephens. *Cf. United States v. Riley*, 621 F.3d 312, 339 (3d Cir. 2010) ("The type of counsel misconduct that warrants granting a new trial is not generally a single isolated inappropriate comment, but rather repeated conduct that permeates the trial. … Further, the District Court directly addressed the inappropriate nature of the [prosecutor's] comment in its instructions to the jury. … [T]hus even if there were some risk of prejudice it was cured because juries are presumed to follow their instructions." (internal quotation marks, citations, and alterations omitted)). Moreover, the jury ultimately acquitted Stokes of attempting to murder Wilson, thus suggesting that the jury was not unduly influenced by the testimony about Naeem's murder. Given the volume of evidence detailing the Harlem Boys' violent crimes, an isolated reference to Naeem's murder did not undermine the jury's verdict.

## III.    Conclusion

For the foregoing reasons, we will affirm the rulings of the District Court.

8